IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL DAWN EMIGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1258 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 20th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises two main arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding her not to be disabled. First, she argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because he failed to properly evaluate the opinion evidence. Second, she asserts that the ALJ improperly failed to consider her long work history in making his "credibility" determination. The Court finds no merit to either argument.

Plaintiff first argues that the ALJ erred in his formulation of the RFC by omitting the limitation included in the opinion of state agency reviewer Melissa Franks, Psy.D., that she would be limited to carrying out one or two step tasks. (R. 114). Plaintiff argues that Dr. Franks' opinion is consistent with that of consultative examiner Stacy Golman, Psy.D. (R. 543-50), and with the record evidence as a whole. While acknowledging that the ALJ included in the RFC that Plaintiff was restricted to understanding, remembering, and carrying out "simple work instructions and tasks at a SVP 2 level" (R. 36), Plaintiff points out that the vocational expert testified that such a restriction is materially different from a limitation to one or two step tasks. (R. 78-79).

The Court first notes that it is important to remember that the ALJ's RFC findings are generally consistent with most parts of the opinion evidence. The specific issue is the omission of a limitation to one or two step tasks in the RFC. The ALJ very clearly explained why he was not adopting that part of Dr. Franks' opinion, citing specific evidence regarding Plaintiff's conservative and static treatment and the consistent improvement of her symptoms with medication, her generally normal mental status examinations, her educational and vocational background, and her activities of daily living. While Plaintiff contends that these factors do not demonstrate her ability to perform sustained work activity for a regular work schedule, the ALJ did not cite them for this purpose, but to demonstrate that she had the mental functional capacity to perform more than one or two step tasks. (R. 40). The Court agrees that these factors – such as driving, managing money, and caring for children – are quite relevant to such a finding. Moreover, contrary to Plaintiff's assertion, the ALJ considered the entire record and did not discuss only those parts that supported his findings. The ALJ, in fact, acknowledged that Plaintiff occasionally presented with poor concentration, fatigue, flat affect, and increased depression, but also observed that, even when the record did demonstrate abnormalities, Plaintiff's conservative course of treatment remained the same. (R. 39).

In challenging the ALJ's thorough analysis, Plaintiff is essentially asking the Court to reconsider the evidence and adopt her own interpretation of what that evidence shows. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as

the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). As discussed, the ALJ's RFC findings here were well supported by the record.

Plaintiff further asserts that, by dismissing the only two opinions in the record as to her mental capacity and making his own determination as to Plaintiff's mental RFC, the ALJ improperly relied on his own lay interpretation of the evidence. The Court emphasizes, however, that it does not matter that each of the ALJ's RFC findings does not correspond to a particular medical opinion, nor was the ALJ required to seek outside medical expert review in formulating Plaintiff's RFC. As this Court has consistently explained, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A. July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Third Circuit Court of Appeals explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

In this case, the ALJ thoroughly explained how he considered all of the evidence and how that evidence translated into the RFC findings. Despite Plaintiff's concern that the ALJ "played doctor" and relied on his own lay interpretation of the evidence, the Third Circuit has made clear that an ALJ's performance of his or her administrative duties in formulating an RFC does not constitute "improper lay opinion regarding medical evidence." *Chandler*, 667 F.3d at 362. Given the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high," *Biestek*, 139 S. Ct. at 1154, the Court has no problem determining that substantial evidence supports the ALJ's findings.

As to Plaintiff's claim that her testimony was entitled to substantial credibility because of her work history, the Third Circuit has previously indicated that an ALJ should consider affording substantial credibility to a claimant's testimony about her work capabilities when the claimant has worked for a long period of time. *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). The Court notes that an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, though that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). Plaintiff's claim was filed prior to the issuance of SSR 16-3p, but, in any event, it is clear that work history remains evidence ALJs are to consider as part of the inquiry into whether

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

          s/Alan N. Bloch
          United States District Judge

ecf:        Counsel of record

---

a claimant's subjective symptoms are supported by other evidence in the record, and a substantial work history still tends to support a claimant's "testimony about his work capabilities." *Rinier v. Berryhill*, No. CV 17-125, 2018 WL 3574941, at *4 (W.D. Pa. July 25, 2018).

However, an ALJ does not err by failing to afford a claimant's testimony heightened consideration based *solely* on her work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. *See id.*; *Shore v. Kijakazi*, No. CV 20-1169-SRF, 2022 WL 782701, at *10 (D. Del. Mar. 15, 2022); *Hodnett v. Saul*, No. CV 2:18-1074, 2019 WL 3778383, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. CIV.A. 12-806, 2013 WL 4498981, at *5 (W.D. Pa. Aug. 19, 2013) (holding that "a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility"). It is more significant that the ALJ base his or her evaluation of a claimant's testimony on a broad view of the record and that the finding be supported by substantial evidence. *See Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015).

Here, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Indeed, the ALJ discussed at significant length why he found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history and activities of daily living. Moreover, the ALJ was clearly well aware of Plaintiff's work history – her work history was discussed at length during hearing, and the ALJ specifically noted Plaintiff's educational and work history in making his RFC findings. (R. 40, 57-59). *See Rinier*, 2018 WL 3574941, at **4-5 (finding the ALJ "clearly was aware of" claimant's work where the ALJ calculated quarters of coverage, discussed whether claimant could perform past relevant work, referenced claimant's past jobs, and heard testimony concerning past work).

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.